IN RE:

Maria Ledezma,

CASE NO:   16-49437
CHAPTER:  7
JUDGE:    Shefferly

_____Debtor_____/
Credit Union One
              Plaintiff,
v.

Adv Proc. No.  16-

Maria Ledezma,

_____Defendant._____/

## COMPLAINT FOR NON DISCHARGABILITY OF DEBT

**NOW COMES** Plaintiff, Credit Union One, by and through their attorneys, The Leduc Group, states the following Complaint:

1. The Court has jurisdiction of this matter based on 28 U.S.C. § 1334(a) and (b), 28 U.S.C.§ 157(a) and (b)(1) and 28 U.S.C. § 151. This is a core proceeding under 28 U.S.C.§ 157(b)(2)(A) and (B).

2. Debtor obtained a secured loan from Creditor for $33,667.72 on February 8, 2016 for a 2015 Chevrolet Traverse. (See Exhibit 1).

3. Debtor stated in her loan application that she was employed with Wolverine Packing and made $4,300.00 per month.

4. Debtor failed to remit a single payment to the Creditor after the loan was acquired.

5. Debtor filed this Petition for bankruptcy on June 30, 2016.

6. Debtor's Schedule I indicates her gross income from Wolverine Packing as $2,321.50 per month.

7. Debtor's husband's stated gross income on Schedule I is $1,861.00.

8. Debtor's Statement of Financial Affairs Number 5, states gross income for 2014 as $27,500, 2015 as $28,000, and 2016 as $8,000.

9. Debtors' Mean Test states her income was $2,324.10 and total household income of $4,185.92.

10. Debtor testified at the First Meeting of Creditors that she never made $4,300.00 per month.

11. Debtor testified that she failed to make any of the payments on the vehicle loan because she could never afford the payments.

## <u>COUNT I: Non Dischargability Pursuant to 11 U.S.C. 523(A)(2)(A)</u>

12. Plaintiff hereby incorporates allegations of paragraphs 1-11.

13. 11 U.S.C. 523 (a)(2)(A) does not discharge an individual debtor from a debt if the debtor:

for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
**(A)** false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;
**(B)** use of a statement in writing—
**(i)** that is materially false;
**(ii)** respecting the debtor's or an insider's financial condition;
**(iii)** on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
**(iv)** that the debtor caused to be made or published with intent to deceive; or

14. Debtor made a material false representation to the Credit Union when she indicated her income was $4,300.00 per month on her loan application to obtain the loan.

15. Debtor made the material false representation to the Credit Union with the intent that they would rely on her misrepresentation to enter into a loan agreement.

16. The Credit Union did in fact rely on Debtor's misrepresentations of the Debtor when it provided the funds for the loan.

17. That the Credit Union's reliance was to its detriment.

18. As a result of Debtor's conduct the Credit Union has suffered actual, incidental, and consequential damages.

WHEREFORE, as to Count I of its Complaint, Plaintiff, Credit Union One, requests this Court to award damages for the fraud of Debtor and award actual, incidental, and consequential damages, including attorney fees and costs for the fraud of the Debtor and to deem these damages non-dischargeable pursuant to 11 U.S.C. 523(a)(2)(A).

## COUNT II

## ABUSE UNDER 11 USC 707

19. Plaintiff hereby incorporates the allegations of Paragraphs 1-18.

20. In pertinent part, 11 U.S.C. § 707(b)(1) provides for dismissal (or, with the debtor's consent, conversion) of a chapter 7 case if the Court "finds that the granting of relief would be an abuse of the provisions of this chapter.

**The Legal Standard Under 11 U.S.C. § 707(b)(3)**

21. This case should be dismissed under § 707(b)(3)(B) because the totality of the circumstances of the Debtor's financial situation, evidenced by both the facts related to this case and her non-exempt assets demonstrate abuse because the Debtor has an ability to pay creditors.

22. Section 707(b)(3) provides:

In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter in a case in which the presumption in subparagraph (A)(I) does not arise or is rebutted, the court shall consider -(B) [whether] the totality of the circumstances (including whether the debtor seeks to reject a personal services contract and the financial need for such rejection as sought by the debtor) of the debtor's financial situation demonstrates abuse.

23. Section 707(b) applies a mere "abuse" standard. Under pre-BAPCPA law, substantial abuse could be found where a debtor had sufficient income to repay his or her debts. *See, e.g., In re Krohn*, 886 F.2d 123, 126 (6th Cir. 1989), (indicated that courts should examine, under the totality of the circumstances, both the integrity and honesty of a debtor's dealings with his creditors, as well as whether the debtor is "needy").

24. Among the factors to be considered in deciding whether a debtor is needy is her ability to repay her debts out of future earnings. That factor alone may be sufficient to warrant dismissal. For example, a court would not be justified in concluding that a debtor is needy and worthy of discharge, where his disposable income permits liquidation of his consumer debts with relative ease. *Id* at 126 (citations omitted) . Ability to repay debts therefore continues to be grounds for dismissal under the amended § 707(b)(3).

25. Whether the Debtor is sufficiently needy to justify the relief sought under chapter 7 is determined by an examination of the following non-exclusive factors: (a) whether the Debtor has the ability to repay his debts out of future earnings; (b) whether the Debtor enjoys a stable source of future income; (c) whether the

Debtor is eligible for chapter 13 relief; (d) whether there are state remedies with the potential to ease the Debtor's financial predicament; (e) whether relief may be obtained through private negotiations with creditors; and (f) whether expenses can be reduced significantly without depriving the Debtor of adequate food, clothing, shelter and other necessities. *In re Krohn,* 886 F. 2d at 126-27.

26. The Debtor in the instant case has non-exempt equity in her personal residence that would either be sufficient to pay creditors either through a Chapter 13 or by liquidation of the asset.

**Abuse Pursuant to 11 U.S.C. § 707(b)(3) - Totality of the Circumstances**

27. Plaintiff hereby incorporates the allegations of Paragraphs 1-26.

28. Creditor asserts that the granting of relief to this Debtor would be an abuse of the provisions of chapter 7 pursuant to § 707(b)(3) because the totality of the circumstances of the Debtor's financial situation demonstrates abuse.

29. Debtor was indebted to the Creditor as of the date of filing in the amount of $33,667.72 for a vehicle loan.

30. The Debtor has stated her unsecured debts total $11,272.00 and her total debts are $44,615.00 ($31,000.00 of which is listed for Credit Union One – the debt actually being $33,667.72).

31. Debtor incurred the majority of her debt with the purchase of a vehicle that she knew she couldn't afford at the time of the purchase.

32. Debtor's Schedule A indicates she owns a home by fee simple at 1652 Junction Street, Detroit, MI with a value of $20,000.

33. Based on comparable sales and homes for sale the value of the home is approximately $40,000.00 which would leave $20,000 of non-exempt equity in the home.

34. Debtor has four vehicles other than the vehicle that she purchased four months before filing the Petition for relief.

35. Debtors false statements to creditor and false statements on Schedules indicate a pattern of bad faith.

36. The Debtor has disposable income with which to fund a chapter 13 plan. The Debtor is not needy of chapter 7 relief, and the totality of the financial circumstances of the Debtor warrant dismissal or voluntary conversion of his case.

WHEREFORE, it is the position of the Creditor that the granting of a Chapter 7 discharge in this case would be an abuse of the provisions of Chapter 7 of Title 11. Creditor respectfully requests that this Honorable Court dismiss, or allow the debtors to convert this case to Chapter 13 of this Title, pursuant to 11 U.S.C. § 707(b)(3) and for other relief that the Court deems just and proper.

## <u>COUNT III</u>

### <u>11 USC 707(a)</u>

37. Plaintiff hereby incorporates the allegations of Paragraphs 1-36.

38. Section707(a) permits the court to dismiss a case for cause. Lack of good faith can constitute "cause" and thus be a basis for dismissal under § 707(a). See Indus. Ins. Servs., Inc. v. Zick (In re Zick), 931 F.2d 1124, 1126-27 (6th Cir. 1991).

39. The Zick Court stated, A dismissal for "lack of good faith," is undertaken on an ad hoc basis. It should be confined carefully and is generally utilized only in those egregious cases that entail concealed or misrepresented assets and/or sources of income, and excessive and continued expenditures, lavish lifestyle, and intention to avoid a large single debt based on conduct akin to fraud, misconduct, or gross negligence. Id. at 1129 (citation omitted).

40. Factors to be considered when making a determination of bad faith include the following:

"1. The debtor reduced his creditors to a single creditor in the months prior to filing the petition. 2. The debtor failed to make lifestyle adjustments or continued living an expansive or lavish lifestyle. 3. The debtor filed the case in response to a judgment, pending litigation, or collection action; there is an intent to avoid a large single debt. 4. The debtor made no effort to repay his debts. 5. The unfairness of the use of Chapter 7. 6. The debtor has sufficient resources to pay his debts. 7. The debtor is paying debts to insiders. 8. The schedules inflate expenses to disguise financial well-being. 9. The debtor transferred assets. 10. The debtor is over-utilizing the protection of the Code to the unconscionable detriment of creditors. 11. The debtor employed a deliberate and persistent pattern of evading a single major creditor. 12. The debtor failed to make a candid and full disclosure. 13. The debts are modest in relation to assets and income. 14. There are multiple bankruptcy filings or other procedural "gymnastics." In re Spagnolia, 199 B.R. 362, 365 (Bankr. W.D. Ky. 1995).

The existence of only one of these factors will not ordinarily support dismissal "for cause" under 9 § 707(a), but the presence of a combination of factors will usually suffice. Id.

41. Here, the debtor has one large debt that is the majority of her debt with the Movant. She is avoiding that debt by filing Chapter 7. In addition, she failed to make a single payment on that debt since acquiring the loan which was for an amount she testified that she could never have afforded to pay. Further, the

debtor has undervalued her residence and the equity of which would allow for some recovery to creditors.

WHEREFORE, it is the position of the Creditor that the granting of a Chapter 7 discharge in this case would be an abuse of the provisions of Chapter 7 of Title 11. Creditor respectfully requests that this Honorable Court dismiss, or allow the debtors to convert this case to Chapter 13 of this Title, pursuant to 11 U.S.C. § 707(a) and for other relief that the Court deems just and proper.

Dated: August 26, 2016

/s/ Christopher E. Frank
Christopher E. Frank (P67169)
Attorney for Creditor
cfrank@theleducgroup.com
PO Box 2191
Royal Oak, MI 48068
248-268-2224